**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 1:25-CV-1551** |
| **v.** | § § § | |
| **ST. VINCENT DE PAUL REHABILITATION SERVICES OF TEXAS INC. D/B/A PEAK PERFORMERS,** | § § § § § | **COMPLAINT AND JURY TRIAL DEMAND** |
| **Defendant**. | § | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Amanda Reeves ("Ms. Reeves"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant St. Vincent de Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers ("Defendant") subjected Ms. Reeves to discrimination in violation of the ADA by failing or refusing to provide her with reasonable accommodation for her disability and discharging her from employment on the basis of her disability.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil

1

Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) & (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.    Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3).

4.    At all relevant times, Defendant, a Texas corporation, has continuously been doing business in the State of Texas and the City of Austin, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) & 12111(7).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.    During calendar years 2023 and 2024, Defendant continuously employed more than 200 employees, inclusive of Defendant's employees placed for job assignments with its clients.

2

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Amanda Reeves filed an administrative charge of discrimination with the Commission, EEOC Charge No. 451-2024-04404, alleging violations of the ADA by Defendant.

9.      The Commission sent to Defendant a timely notice of the administrative charge of discrimination filed by Ms. Reeves.

10.     On June 23, 2025, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated the ADA by subjecting Ms. Reeves to unlawful denial of reasonable accommodation and to discharge because of such unlawful denial of reasonable accommodation and because of disability.

11.     The administrative Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the administrative Determination.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.     On August 20, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

16.    In April 2024, Defendant engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(1) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(5)(A).

17.    At all relevant times, Ms. Reeves has been and is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 & 12111(8).

18.    For over ten years, Ms. Reeves has had mental impairments (depression and anxiety) that substantially limit one or more major life activities, including but not limited to thinking, concentrating and the major bodily function of the brain.

19.    Defendant hired Ms. Reeves in an executive support position in November 2023.

20.    During the course of her employment by Defendant, Ms. Reeves performed her job duties in a manner that Defendant considered satisfactory.

21.    In February 2024, Ms. Reeves received a pay raise.

22.    In early 2024, Ms. Reeves requested that she be allowed to leave work twice a week to attend medical appointments related to ongoing treatment for depression and anxiety. Defendant's Chief Operating Officer, Mallory Govert, partially denied this request, instead allowing Ms. Reeves to adjust her schedule to attend appointments once per week.

23.    On April 7, 2024, as a result of her depression and anxiety, Ms. Reeves attempted suicide by overdose.

24.    On or about April 7, 2024, Ms. Reeves' intimate partner contacted Govert and told her that Ms. Reeves had been hospitalized.

4

25.     On or about April 9, 2024, pursuant to a request that Govert made to Ms. Reeves, Ms. Reeves' psychiatrist submitted a letter to Defendant excusing her from work for the following week.

26.     On April 9, 2024, Ms. Reeves made a phone call to Govert. During the call, Ms. Reeves stated at least the following:

a.  She told Govert that she was in a psychiatric ward after attempting suicide by overdose, and she would be discharged to an outpatient treatment program.

b.  She further told Govert that her suicide attempt was related to her depression.

c.  She further told Govert that the outpatient treatment program required her attendance seven days per week, and it was expected to last for approximately four to six weeks; and

d.  She requested unpaid leave/time off to attend the outpatient treatment program.

e.  Ms. Reeves followed up on with Govert on her request for leave to attend treatment by text message on April 12, 2024.

27.     Ms. Reeves also communicated to Govert to the effect that she [Reeves] would have the treatment program sign any necessary forms for Defendant in connection with her unpaid leave/time off request.

28.     As of on or about April 9, 2024, Govert and Defendant's President and CEO, Bree Sarlati, possessed actual knowledge, and otherwise had notice, that Ms. Reeves was requesting four to six weeks of unpaid leave/time off for medical treatment.

29.     As of on or about April 9, 2024, Govert and Defendant's President and CEO, Bree Sarlati, possessed actual knowledge, and otherwise had notice, that Ms. Reeves's medical

treatment for which she was requesting four to six weeks of unpaid leave/time off related to depression and anxiety.

30. As of on or about April 9, 2024, Govert and Defendant's President and CEO, Bree Sarlati, possessed actual knowledge, and otherwise had notice, that Ms. Reeves's medical treatment for which she was requesting four to six weeks of unpaid leave/time off related to a suicide attempt.

31. After the foregoing April phone conversation and text message exchange between Ms. Reeves and Govert, Defendant did not engage in any communications with Ms. Reeves in an attempt to determine any additional facts concerning her disabilities or her request for medical leave/time off.

32. Defendant thereafter denied Ms. Reeves's request for unpaid leave/time off for outpatient medical treatment.

33. On April 17, 2024, Defendant discharged Ms. Reeves from her employment.

34. Defendant discharged Ms. Reeves from her employment because of her disabilities (depression and anxiety) and resulting from its failure to provide her with reasonable accommodation for her disabilities.

35. Within approximately three weeks of her discharge, Ms. Reeves completed her outpatient medical treatment for her disabilities and was able to return to work in her position with Defendant and perform the essential functions of that position, with or without reasonable accommodation.

**STATEMENT OF CLAIMS**

**COUNT I**

**(ADA – Failure to Provide Reasonable Accommodation)**

36.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-35 of this Complaint as if fully set forth herein.

37.     Since at least April 2024, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(5)(a), by denying Ms. Reeves one or more reasonable accommodations, including but not limited to the provision of a brief, unpaid leave of absence to receive medical treatment for her disabilities.

38.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

39.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Ms. Reeves.

40.     The effect of the unlawful employment practices complained of herein has been to deprive Ms. Reeves of equal employment opportunities on the basis of her disabilities.

**COUNT II**

**(ADA – Discharge)**

41.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-35 of this Complaint as if fully set forth herein.

42.     Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1), by discharging Ms. Reeves on the basis of disability and as a result of Defendant's unlawful failure to provide

reasonable accommodation for disability.

43. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

44. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Ms. Reeves.

45. The effect of the unlawful employment practices complained of herein has been to deprive Ms. Reeves of equal employment opportunities on the basis of her disability.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees because of their disabilities.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to provide reasonable accommodations to qualified employees with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Amanda Reeves by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay and an additional amount to compensate her for the adverse tax

consequences of receiving a lump sum payment of wages in a single tax year that would have been earned in multiple tax years.

D.     Order Defendant to make whole Amanda Reeves by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.     Order Defendant to make whole Amanda Reeves by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F.     Order Defendant to pay Amanda Reeves punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

9

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
TEXAS STATE BAR NO. 24074764
EMAIL: PHILIP.MOSS@EEOC.GOV

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
SAN ANTONIO FIELD DISTRICT OFFICE
5410 FREDERICKSBURG ROAD, SUITE 200
SAN ANTONIO, TEXAS 78229
TELEPHONE: (210) 640-7570

**ATTORNEYS FOR PLAINTIFF**

10