# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 1:25-CV-1551** |
| **ST. VINCENT DE PAUL REHABILITATION** ) | **Hon. David Alan Ezra** |
| **SERVICES OF TEXAS INC. D/B/A PEAK** ) | |
| **PERFORMERS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted this action alleging that Defendant St. Vincent De Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers ("Defendant" or "Peak Performers") subjected Charging Party Amanda Reeves to unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Defendant denies the Commission's allegations, and there has been no adjudication of the ADA liability issues in this action.

As a result of settlement discussions, EEOC and Defendant (hereinafter, collectively the "Parties") desire to resolve this action without the time, expenditure, and risk of additional contested litigation and have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves all claims set forth in the Complaint filed by the Commission in the above-styled and numbered action.

Nothing in this Consent Decree is, nor should be construed as, an admission of wrongdoing or liability by Defendant either in this proceeding or in any other proceeding.

## FINDINGS

Having carefully examined the provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

      A.      This Court has jurisdiction of the subject matter of this action and of the Parties;

      B.      The terms of this Decree are adequate, fair, reasonable, equitable, and just and are in the best interests of the Parties, Charging Party Amanda Reeves, and the public; and

      C.      This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## DEFINITIONS

      A.      The terms *complaint* or *complaints* shall mean any allegation or report made by any employee or job applicant, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential disability discrimination, disability harassment, or related retaliation allegedly committed by any employee, officer, director, or owner of Defendant. *Complaint* or *complaints* shall include but are not limited to internal allegations or reports made to Defendant or any agent of Defendant, charges of discrimination, administrative agency proceedings, lawsuits, arbitrations, grievances, and settlement demand letters.

      B.      The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

C.    The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

D.    The term *employee* shall be construed in accordance with controlling caselaw applicable to actions in the United States District Court for the Western District of Texas defining the meaning of the terms *employer* and *employee* under the ADA. The term *employee* shall specifically include all full-time, part-time, probationary, casual, seasonal, temporary, and permanent employees of Defendant under controlling law, including but not limited to *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918 (5th Cir. 2021).

E.    The term *physical or mental impairment* shall mean any non-minor or non-transitory physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or any non-minor or non-transitory mental or psychological disorder, such as an intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

## <u>INJUNCTION</u>

1.    Within the scope of this Decree as set forth in Paragraph 28, Defendant, its owners, officers, directors, agents, supervisory employees, successors, and assigns are enjoined from engaging in any employment practice that unlawfully discriminates against any employee on the basis of disability, including discharging, demoting, or transferring any employee on the basis of an actual disability, history of such disability, or any physical or mental impairment where such disability or impairment does not prevent the employee from performing the essential functions of the job at issue with or without reasonable accommodation or pose a direct threat; and failing to

3

make reasonable accommodation for any employee's disability where such accommodation does not pose an undue hardship on the operation of Defendant's business or direct threat to health and safety.

2.    Within the scope of this Decree as set forth in Paragraph 28, Defendant, its owners, officers, directors, agents, supervisory employees, successors, assigns are enjoined from engaging in any form of retaliation, coercion, intimidation, threats or interference against any employee because such employee has opposed any practice made unlawful under the ADA; filed a charge of discrimination under the ADA; testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the ADA; obtained relief or asserted any rights under this Decree; or otherwise exercised or enjoyed, or aided or encouraged any other individual in the exercise or enjoyment of, rights conferred by the ADA.

## CHARGING PARTY MONETARY RELIEF

3.    Within fourteen (14) days of the Effective Date, or within fourteen (14) days of Defendant's receipt of a fully executed ADA release attached hereto as Exhibit B, whichever is later, Defendant shall pay monetary relief to Amanda Reeves in the total amount of $160,000.00, of which $50,000.00 shall constitute back pay (wages), $10,000.00 shall constitute pre-settlement interest, and $100,000.00 shall constitute compensatory damages for emotional distress.

4.    Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Ms. Reeves as back pay (wages). Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the amount payable to Ms. Reeves as pre-settlement interest or compensatory damages for emotional distress.

4

5.     Payment to Ms. Reeves shall be completed via two ACH payments: one payment for the amount constituting back pay (less required federal, state, and local payroll tax withholdings) and a second payment for the amount constituting pre-settlement interest and compensatory damages. Defendant will make the electronic payment for monetary relief payable to "Amanda Reeves." Defendant will provide Ms. Reeves a written description setting forth the type and amount of all payroll tax withholdings made to the payment for back pay. Within five (5) days of the date of both electronic payments to Ms. Reeves, Defendant will transmit to the Commission written confirmation of both payments, with a written description of payroll tax withholdings, and proof of delivery to Ms. Reeves.

6.     In the event that Defendant is unable to successfully make electronic delivery of one or more of the payments required to be delivered by Paragraph 5, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery of payment, and then exercise reasonable diligence to attempt successful delivery of the payment(s) by alternate methods.

7.     At the time that such tax documents are issued to other persons, Defendant shall issue to Ms. Reeves an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting pre-settlement interest and compensatory damages.

8.     Resolution of this case pursuant to this Decree is not conditioned on Ms. Reeves waiving or releasing any claims or rights other than the ADA claims that the Commission has pleaded in its Complaint (ECF No. 1) in the above-styled and numbered action.

### ADA POLICY

9.     Within sixty (60) days of the Effective Date, Defendant shall create and adhere to

5

an ADA compliance policy (hereinafter "the Policy") that explains and prohibits discrimination on the basis of disability and that establishes procedures for decision-making concerning certain employment actions that are identified below. The Policy shall be drafted using language that is reasonably calculated to be understood by the ordinary layperson reader, and it may be set forth in a single document or a series of separate policy documents. Defendant shall ensure that the Policy satisfies the following minimum requirements:

(a)     The Policy shall reasonably summarize all prohibitions set forth in Titles I and V of the ADA and an employer's corresponding duties under the ADA;

(b)     The Policy shall fully describe Defendant's duties under the ADA, which are also set forth in Paragraphs 1 and 2 above, and require that all officers and employees of Defendant adhere to those duties;

(c)     The Policy shall require appropriate disciplinary action be taken against any officer or employee of Defendant who violates the Policy, up to and including discharge from employment;

(d)     The Policy shall require that before making any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position with Defendant based on such person's physical or mental impairment, or a decision by Defendant to deny a requested reasonable accommodation, Defendant's management or other personnel authorized to make that decision shall conduct an individualized assessment that includes consulting with the employee or job applicant, and to the extent authorized by the employee or job applicant and reasonably necessary under the particular circumstances, the employee's or job applicant's relevant health care provider(s), about the employee's or job applicant's ability to effectively and safely

perform the essential functions of the position with or without reasonable accommodation, an employee's estimated time period to return to work from any requested medical leave of absence (if applicable), and whether there is a need for reasonable accommodation;

(e)    The Policy shall require that when reasonably warranted by the particular circumstances, Defendant's management or other authorized personnel shall seek consultation with one or more persons with relevant expertise (e.g., vocational rehabilitation counselor, occupational medicine expert) before making any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position with Defendant based on such person's physical or mental impairment, or a decision by Defendant to deny a requested reasonable accommodation;

(f)    The Policy shall require that Defendant's management or other authorized personnel will apply standards for their decision(s) consistent with the training required by Paragraph 13, below, before making any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position with Defendant based on such person's physical or mental impairment, or a decision by Defendant to deny a requested reasonable accommodation;

(g)    The Policy shall require that Defendant's management or other authorized personnel shall document any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position with Defendant based on such person's physical or mental impairment, or a decision by Defendant to deny a requested reasonable accommodation, which shall include the following minimum content:

(i)    the action to be taken (e.g., discharge, demotion, denial of hiring);

7

(ii)     the physical or mental impairment(s) that is the basis for the decision, all information obtained concerning that physical or mental impairment(s), and the source(s) of such information;

(iii)     the essential job function(s) that the person is deemed to be unable to effectively or safely perform, whether with or without reasonable accommodation, and the reason(s) it was identified as an essential function;

(iv)     an explanation of all facts that form the basis for the determination that the person is unable to effectively or safely perform the essential job function(s), whether with or without reasonable accommodation;

(v)     all efforts made to identify reasonable accommodations to enable the person to remain in the position or obtain the position sought;

(vi)     if an employee's or job applicant's reasonable accommodation request is being denied, those facts that form the basis for any conclusion that reasonable accommodation would constitute an undue hardship on the conduct of the business or create a direct threat to health and safety; and

(vii)     a particularized description of any efforts to provide reasonable accommodation to the employee or job applicant, including all efforts to identify potential reasonable accommodations, all such reasonable accommodations identified, all reasonable accommodations offered to the employee or job applicant, and whether offered reasonable accommodations were accepted or rejected by the employee or job applicant.

(h)     The Policy shall require that decisions to discharge, demote, transfer, refuse to hire or otherwise disqualify any employee or job applicant from a position with Defendant based on such person's physical or mental impairment, or a decision by Defendant to deny requested reasonable accommodations, must be reviewed and approved by a Defendant officer or management-level employee who, through any combination of past education, training or experience, possesses reasonably sufficient knowledge of the ADA and related compliance practices to proficiently conduct such review.

10.    Within sixty (60) days of the Effective Date, Defendant shall provide to EEOC a copy of the Policy required by Paragraph 9 above. Thereafter, EEOC shall be afforded not less than fifteen (15) days to review and provide any comments to Defendant concerning the Policy before the Policy is communicated to Defendant's employees.

11.    Within ninety (90) days of the Effective Date, Defendant shall distribute to its employees the portions of the Policy required by Paragraph 9(a)-(c). Defendant shall distribute the portions of the Policy required by Paragraph 9(a)-(c) to all of its new employees within seven (7) days of their hire.

12.    Within ninety (90) days of the Effective Date, Defendant shall distribute the portions of the Policy required by Paragraph 9(d)-(h) to (a) all Defendant human resources employees; and (b) all Defendant officers or employees who perform, or possess authority to perform, any of the following job duties: (i) evaluation of whether employees or job applicants with known medical conditions are able to perform essential job functions; (ii) making decisions regarding employee discharges, demotions, medical leave or conditions of return-to-work from medical leave, and/or reasonable accommodations; and/or (iii) making decisions regarding job applicant hiring. Defendant shall distribute the portions of the Policy required by Paragraph 9(d)-(h) to all new officers and employees in such positions within seven (7) days of their start date in such positions.

## ADA TRAINING

13.    Defendant shall retain, at its own expense, one or more qualified third-party consultant(s) to provide certain Defendant personnel (identified in Paragraph 14, below) with not less than two (2) hours of training regarding the following ADA subject matter:

(a)    The ADA definition of "disability," inclusive of changes to the definition resulting from the 2008 amendments to the ADA;

9

(b)     The prohibition of discrimination on the basis of disability;

(c)     The legal standards governing the duty to provide reasonable accommodations and the interactive process of identifying and providing such accommodation;

(d)     The legal standards for conducting analysis of undue hardship, as well as the types of information and expertise used in such analysis;

(e)     The legal standards for conducting analysis to determine whether an individual is qualified to perform essential job functions, including the types of information and expertise used in such determinations; the standards for determining "essential functions," permissible and impermissible disability-related inquiries and medical examinations under 42 U.S.C. § 12112(d), and the requirement that reasonable accommodation be considered;

(f)     The legal standards for conducting analysis of direct threat, as well as the types of information and expertise used in such analysis;

(g)     An employer's responsibility to conduct individualized assessments of disability, qualification to perform essential functions, undue hardship, direct threat, and reasonable accommodation;

(h)     Defendant's policies and procedures regarding the foregoing subjects; and

(i)     Best practices regarding the foregoing subjects, including but not limited to relevant sources of information and procedures for gathering and documenting information relevant to analysis and decision-making regarding the foregoing subjects.

14.  The training required by Paragraph 13, above, shall be provided to (a) all Defendant human resources employees; and (b) all Defendant officers and employees who perform, or

possess authority to perform, any of the following job duties: (i) evaluation of whether employees or job applicants with known medical conditions are able to perform essential job functions; (ii) making decisions regarding employee discharges, demotions, medical leave and conditions of return-to-work from medical leave, and/or reasonable accommodations; and/or (iii) making decisions regarding job applicant hiring.

15. The training specified in Paragraphs 13 and 14, above, shall be provided within one hundred twenty (120) days of the Effective Date, and, for the duration of this Decree as set forth in Paragraph 28, within fourteen (14) days of the start of employment for all new hires in the positions identified in Paragraph 14.

16. The initial training session required by Paragraphs 13 and 14, above, shall be presented to attendees live, though remote means of presentation may be used in lieu of in-person attendance. Subsequent training sessions may be presented by re-playing a video recording of the initial training session, provided that attendees are given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training.

17. The Commission must be notified in writing of the identity and qualifications of the trainer(s) for the first training session required by Paragraphs 13 and 14, above, all content of such training (including non-privileged training manuals and handout materials), method of presentation, and length of training course(s) at least thirty (30) days before presentation of such training session. Within thirty (30) days after the first training session required by Paragraphs 13 and 14, above, Defendant shall report to the Commission the name and job title of each attendee, the name and title of each officer and employee who is required by this Decree to attend the training but did not attend, and the reason(s) for any failure to attend the training.

## REPORTS TO THE COMMISSION

18. For the duration of this Decree, Defendant shall submit written reports to the Commission regarding any complaints that are known to Defendant alleging disability discrimination against any employee or job applicant of Defendant and any action taken by Defendant in response to the complaints, as well as any documentation related to the allegations, investigation, and disposition of the complaint (consistent with Paragraph 19 below). Defendant's reports to the Commission must be sent to the Commission's counsel of record in this action within thirty (30) days of any complaints. Such reports must be updated and sent to the Commission's counsel of record every thirty (30) days thereafter until final action is taken by Defendant on the complaint.

19. Each report required by Paragraph 18, above, shall list the following information, to the extent such information is available to Defendant or within Defendant's knowledge:  (a) the full name, last known residence address, last known personal phone number, and job title or position of each individual who made the complaint; (b) the full name, last known residence address, last known personal phone number, job title or position, and work location of each individual alleged to have engaged in the conduct that is the subject of the complaint; (c) a description of the alleged conduct that is the subject of the complaint; (d) the date that Defendant received notice of the complaint; (e) the full name and job title or position of each person who received the complaint and/or who was responsible for investigating the complaint; (f) a description of (i) any Defendant investigation of the complaint, including identifying the date(s) of any investigation; the names, job titles, last known residence addresses and last known person phone numbers of all individual(s) interviewed, a summary of the statements made by individuals who were interviewed and the date(s) of such interviews; and any documents reviewed or produced

during such interviews, or (ii) if, in the exercise of reasonable diligence, Defendant did not conduct an investigation because such investigation was deemed infeasible, description of any attempts to conduct an investigation and the reasons it was deemed infeasible; (g) the findings of such investigation; and (h) a description and the date(s) of corrective action(s) taken, if any, that Defendant took in response to the complaint and the findings of its investigation thereof.

20.    Within one hundred and eighty days (180) of the Effective Date, and every subsequent one hundred and eighty days (180) thereafter for the duration of this Decree, Defendant shall submit reports to EEOC concerning all requests for leaves of absence by an employee relating to a physical or mental impairment that Defendant denied, whether in-whole or in-part, and that was followed in time by the employee's separation from employment (whether by discharge or resignation), demotion, transfer, or other adverse employment action.

21.    Each report required by Paragraph 20, above, shall list the following information, to the extent such information is available to Defendant:  (a) the full name, last known residence address, last known personal phone number, and job title or position of the employee at the time of the request; (b) the physical or mental impairment that was the basis for the requested leave of absence; (c) the date that the employee requested the leave of absence; (d) the date that Defendant communicated the denial of leave of absence to the employee; (e) the full name and job title or position of each person who made the decision to deny the requested leave, whether in-whole or in-part; (f) the reason for the decision to deny leave of absence, whether in-whole or in-part; (g) if applicable, the nature of any adverse employment action that occurred after the denial of leave of absence (e.g., separation from employment, demotion, transfer); and (h) the reason for the adverse employment action.

22.    Upon written request by the Commission, Defendant shall produce any non-privileged

documents that are relevant to the subject matter of the reports required by Paragraphs 18–21, above, including but not limited to any witness statements, affidavits or declarations, interview notes or recordings, file memoranda, or other investigation-related materials. Defendant shall make such production not later than thirty (30) days after Defendant's receipt (via their counsel of record) of the Commission's written request.

## POSTING OF NOTICE

23.   Within five (5) days of the Effective Date, Defendant shall conspicuously post at all of its facilities a physical copy of the notice attached hereto as Exhibit A (the "Notice") on the bulletin board(s) or other location(s) ordinarily used by it for communicating with employees and/or for posting legally required notices. The Notice shall remain posted for two (2) years from the Effective Date. Defendant shall take all reasonable steps to ensure that the Notice is not altered, defaced, or covered by any other material. Defendant shall permit a representative of EEOC to enter its facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

24.   Within fourteen (14) days of the Effective Date, Defendant shall certify, in writing, to EEOC that it has complied with the requirements of Paragraph 23, above.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

25.   For the duration of this Decree, this Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

26.   Upon motion of the EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have

fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing. If the Parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach. Each party shall bear its own expenses, attorney's fees, and costs incurred in connection with such motion.  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Texas.

27.  In the event that the Commission, its agents and employees, possess a reasonable suspicion that Defendant has committed a violation of this Consent Decree, the Commission shall have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations and with reasonable notice to Defendant) at interviews or depositions and, with reasonable notice and opportunity to respond, the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree. Pursuant to Paragraph 26 above, the Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner the EEOC's authority in the future to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the ADA, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Pregnant Workers Fairness Act ("PWFA"), and any statute over which the Commission is given jurisdiction, and conducting directed investigations authorized under the EPA, the ADEA, or any future statute which authorizes the EEOC to conduct directed investigations.

## DURATION AND SCOPE OF THE DECREE

28.  All provisions of this Decree shall be in effect for a period of two (2) years immediately following the Effective Date, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 26, above, remain unresolved, the duration of the Decree shall be automatically extended until such time as all such disputes have been resolved.

29.  The provisions of this Decree shall apply to all of Defendant's facilities and business operations in the United States, its territories, and possessions.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

30.  Defendant acknowledges and agrees to the following:

(a)    EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required by law to do so, Defendant will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Defendant's EIN is: 74-2736120.  The individual to whom EEOC should mail a copy of the form 1098-F, if EEOC is required to issue one is: Mallory Govert, Chief Operating Officer, Peak Performers, 4902 Grover Ave., Austin, TX 78756;

(b)    EEOC has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

(c)    EEOC's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d)    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC; and

(e)    Defendant is not acting in reliance on any representations made by EEOC

16

regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

31.  Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

32.  The provisions of this Consent Decree shall be binding upon Defendant.

33.  If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

34.  When this Decree requires a report or certification by Defendant of any fact(s), such report or certification shall be made under oath or penalty of perjury.

35.  When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they shall be mailed or electronically transmitted to: U.S. Equal Employment Opportunity Commission, San Antonio Field Office, c/o Philip J. Moss, Senior Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas, 78229, e-mail: philip.moss@eeoc.gov. EEOC may change the identity and contact information of EEOC counsel to whom Defendant is required to submit reports, certifications, notices, or other materials without further order of the Court by providing written notification to Defendant via its counsel of record in this action.

36.  This Decree constitutes the entire agreement and commitments of the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by any Party or an agent of any Party not contained in this Decree shall be enforceable. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

37.  This Decree may be executed in counterparts.

17

**AGREED BY:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

01/02/2026
Date

PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
Email: philip.moss@eeoc.gov

01/05/2026
Date

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Telephone: (210) 640-7570

For Defendant St. Vincent De Paul Rehabilitation Services of Texas, Inc.

Bree Sarlati, President and Chief Executive Officer

December 23, 2025
Date

**IT IS SO ORDERED.**

_____
HONORABLE DAVID ALAN
EZRA Senior United States District
Judge

_____
   January 6, 2026
Date

# Exhibit A: Notice



**COURT-ORDERED LEGAL NOTICE TO ALL EMPLOYEES OF PEAK PERFORMERS**

This Notice is being posted pursuant to a federal-court order entered in *U.S. EEOC v. St. Vincent De Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers ("Peak Performers"),* Civil Action No. 1:25-cv-1551-DAE (U.S. Dist. Ct. – Western District of Texas), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("the EEOC"), an agency of the United States Government. In its lawsuit, the EEOC contended that Peak Performers unlawfully discriminated against an employee with a disability in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA") by subjecting her to discharge on the basis of her disability and denial of reasonable accommodation for her disability. Peak Performers denied violating the ADA.

In resolution of the case, Peak Performers and the EEOC entered into an agreed settlement order, called a "Consent Decree," containing these requirements, among others:

1)   Peak Performers is prohibited by federal-court order and federal law from engaging in any employment practice that discriminates on the basis of disability and will provide reasonable accommodations required by law to workers with disabilities who need such accommodations;

2)   Peak Performers will provide mandatory ADA training to certain employees with authority over employment decisions; and

3)   Peak Performers will report complaints of disability discrimination and certain other information related to its compliance with the settlement order to the EEOC.

The EEOC enforces the federal laws against employment discrimination on the bases of disability, sex (including pregnancy, childbirth, and related medical conditions), race, color, national origin, religion, age, or genetic information. If you believe that you have been subjected to discrimination or harassment, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that harassment, discrimination, or retaliation. EEOC can be reached by phone at (800) 669-4000, TTY at (800) 669-6820 and ASL Video Phone at (844) 234-5122 for deaf/hearing impaired callers, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate discrimination complaints.

**This OFFICIAL NOTICE must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

_____          _____
Date                                                              [Name and job title of authorized Defendant
                                                                      signatory to be inserted here prior to posting]

# Exhibit B:

# Release

**RELEASE OF ADA CLAIMS PLEADED IN PRESENT LITIGATION**

In consideration for the $160,000.00 paid to me by St. Vincent De Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers, in connection with the resolution of the lawsuit styled *U.S. EEOC v St. Vincent De Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers*, Civil Action No. 1:25-CV-1551 in the U.S. District Court for the Western District of Texas, I hereby waive, release and discharge, and covenant not to sue St. Vincent De Paul Rehabilitation Services of Texas, Inc. d/b/a Peak Performers, for any and all claims of disability discrimination or any failure to accommodate under the Americans with Disabilities Act of 1990, as amended ("ADA"), that are pleaded or could have been pleaded in EEOC's Complaint in the above-styled and numbered action.

Date: _____        _____

                                                        Amanda Reeves